## In re DUNDAS.

### (District Court, D. Vermont. November 5, 1901.)

BANKRUPTCY—PREFERENCE—RIGHT TO RETAIN.

An insolvent, within four months prior to his bankruptcy, borrowed $100 from one to whom he previously owed $75, and gave him an order on a third person for the entire amount, which order was accepted, and after the debtor's bankruptcy was paid. *Held* that, upon a finding that the creditor had at the time no reason to believe the debtor insolvent, he was entitled to the money so paid; the $100 being the proceeds of a security taken for a present consideration, and the $75 a preference, which, because innocently received, the creditor could not be compelled to surrender.

In Bankruptcy. Upon review of decision of referee.

Frank J. Martin, for claimant.

H. William Scott and William Wishart, for trustee.

WHEELER, District Judge. The bankrupt owed Dunquid, the claimant, $75, and well within the four months prior to the petition borrowed $100 more, and gave him an order on a man in Ohio for $175, which was accepted before the adjudication, and has been paid since, and the proceeds are awaiting a decision upon the respective rights of the trustee and claimant to them.

As to the $75 the order was a preference, within section 60a of the bankrupt act; and as to the $100, it was accepted in good faith, and for a present consideration, within section 67d. Preferences are made recoverable back, by section 67c, only when the person receiving them has reasonable cause to believe a preference is intended. Pirie v. Trust Co., 182 U. S. 438, 21 Sup. Ct. 906, 45 L. Ed. 1171. The referee to whom the matter was referred has reported that the claimant did not know, nor have reasonable cause to believe, that the bankrupt was insolvent at the time of taking the order. The taking of the order was the receiving of the security. The acceptance became a new obligation from the acceptor, which the proceedings in bankruptcy would not affect.

This is not a question of proving a debt without surrendering the preference, which depends upon a different clause of section 60. Speaking of the effect of the reasonable cause to believe of clause b of section 60, Mr. Justice McKenna, in Pirie v. Trust Co., 182 U. S. 438, 447, 21 Sup. Ct. 906, 909, 45 L. Ed. 1171, 1177, said:

"What a preference is, is plain. What the effect of it is, if taken under the conditions mentioned, is equally plain. So taken, it may be recovered back. If not so taken, it may be kept or surrendered. His election is between keeping the preference and surrendering it. That is the favor of the law to his innocence."

Upon these principles and the findings of the referee, the claimant is entitled to keep this preference.

Report accepted. Proceeds of order decreed to claimant.